UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVOCENT HUNTSVILLE, LLC,<br>Plaintiff,<br>v.<br>ZPE SYSTEMS, INC.,<br>Defendant. | Case No. 3:17-cv-04319-WHO (KAW)<br><br>**ORDER REGARDING 1/5/18 JOINT LETTER RE: SCOPE OF PROTECTIVE ORDER AND ENTRY OF PROTECTIVE ORDER**<br><br>Re: Dkt. No. 59 |

On January 5, 2018, the parties filed a joint letter concerning the scope of the protective order. (Joint Letter, Dkt. No. 59.) ZPE did not believe that any changes to the interim protective order were necessary, while Avocent requested certain changes. *Id.* at 1. The parties agreed to all but two proposed modifications. *Id.*

Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and orders the parties to enter into a stipulated protective order consistent with this order.

## DISCUSSION

Specifically, the parties disagree with the provisions relating to non-party disclosures and the scope of the prosecution bar. (Joint Letter at 1-2.)

### A. Provisions Relating to Non-Party Disclosures

Avocent contends that, while the "interim protective order provides protection of confidential materials produced by non-parties, non-parties today almost universally seek to preclude access to those materials by party employees, including in-house counsel." (Joint Letter at 1.) ZPE disagrees with this statement and notes that Avocent has not provided any citations in support of its assertion. *Id.* Notwithstanding, ZPE argues that if the Court agrees with Avocent's

1 position that in-house counsel should not have access to third party confidential information, the
2 preclusion should apply equally to party information. *Id.* As ZPE states, the model protective order
3 does not distinguish between party and non-party information, and ZPE believes that this
4 delineation may be difficult or impossible in practice. *Id.* at 1-2.  The Court agrees.

5     Accordingly, the Court orders that the parties modify the stipulated protective order to
6 preclude in-house counsel from accessing both party and third-party highly confidential
7 information.

### B.    Scope of the Prosecution Bar

9     Avocent seeks to eliminate the prosecution bar, while ZPE insists that the prosecution bar
10 in paragraph 8 of the interim protective order be included. (Joint Letter at 2.)  Avocent argues that
11 the prosecution bar is unnecessary given that the two patents-in-suit were issued years ago, no
12 related patent applications are pending, and Avocent's trial counsel is not prosecuting any patent
13 applications. *Id.*  Should the undersigned disagree, Avocent argues that its trial counsel should not
14 be precluded from full participation in any *Inter Partes* Review ("IPR") proceeding before the
15 U.S. Patent and Trademark Office based on "the mere possibility that its confidential information
16 could be misused in an injurious manner." (Joint Letter at 2-3.)

17     ZPE objects on the grounds that "Avocent seeks to modify this Court's model protective
18 order in a manner that would permit its litigation counsel to not only participate in IPR
19 proceedings but to amend claims during such proceedings, in order to tailor claims to ZPE's
20 product." (Joint Letter at 3.)  In fact, as ZPE provides, "the model protective order contemplated
21 the exact activity Avocent now proposes, and the model order precludes litigation counsel from
22 'directly or indirectly drafting, amending, advising, or otherwise affecting the scope or
23 maintenance of patent claims' including in IPR proceedings. (Joint Letter at 3 (citing Model
24 Protective Order at ¶ 8.))  Indeed, "the model protective order [sets] forth presumptively
25 reasonable conditions regarding the treatment of highly confidential information." *Barnes &*
26 *Noble, Inc. v. LSI Corp.*, 2012 WL 1029939, at *3 (N.D. Cal. Mar. 26, 2012).  Courts in this
27 district generally do not permit litigation counsel to amend the model order's prosecution bar
28 provisions. *See, e.g., Shared Memory Graphics, LLC v. Apple, Inc.,* 2010 WL 4704420, at *3

(N.D. Cal. Nov. 12, 2010). Despite Avocent's protestations to the contrary, the undersigned finds no reason to depart from the model order.

Accordingly, the parties shall stipulate to the language contained in paragraph 8 of the Patent Local Rule 2-2 Interim Model Protective Order.

## CONCLUSION

In light of the foregoing, the parties are ordered to enter into a stipulated protective order consistent with this order within 7 days.

IT IS SO ORDERED.

Dated: February 5, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

3