UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVOCENT HUNTSVILLE, LLC,<br>    Plaintiff,<br>v.<br>ZPE SYSTEMS, INC.,<br>    Defendant. | Case No. 3:17-cv-04319-WHO (KAW)<br><br>**ORDER REGARDING 3/7/18, 3/8/18, 3/12/18 DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 75, 76, 77 |

On March 7, 2018, Plaintiff Avocent Huntsville, LLC filed a unilateral discovery letter regarding Request for Production of Documents No. 39. (Dkt. No. 75.) Plaintiff claims that it has been meeting and conferring with Defendant ZPE Systems, Inc. for months, and sent a draft of the proposed joint letter on February 20, 2018, and followed up with ZPE on February 26, but ZPE never provided its portion of the letter. *Id.* at 2-3. On March 8, 2018, ZPE filed a response, in which it explained that it had expressed to Avocent that it would be in the best interests of the parties to file the letter concurrently with other joint discovery letters that were forthcoming. (Dkt. No. 76 at 1.) On March 12, 2018, Avocent wrote a response, in which it defended its unilateral filing and addressed the merits of ZPE's arguments. (Dkt. No. 77.)

As an initial matter, the parties did not comply with the undersigned's standing order, which requires that all discovery letters be jointly filed. Thus, the letters are TERMINATED, and the parties are ordered to further meet and confer regarding Request No. 39. Second, pursuant to the undersigned Standing Order, "[t]he parties shall file a separate joint letter for each discovery dispute (i.e. if the parties have disputes regarding specific interrogatories and requests for production, they must file two letters)." (Judge Westmore's Standing Order ¶ 13.) For that reason, depending on the nature of the other discovery disputes, ZPE's position that the letter should be

1 filed concurrently with other disputes may be untenable.

2 To assist the parties in their meet and confer efforts, and based on a cursory review of the letters, to the extent that ZPE is concerned with maintaining the confidentiality of its proprietary information, the parties have entered into a stipulated protective order, which should ameliorate those concerns. (*See* Dkt. No. 67.) Further, if the cost of producing a representative product is truly a concern, the parties should meet and confer to come up with a viable solution that works for all parties.

Additionally, given the prior dispute regarding the terms of the stipulated protective order coupled with the disclosure that multiple disputes appear to be forthcoming, the Court is concerned that the parties are unable to work together to resolve disputes without court intervention. Most discovery disputes should be resolved without the Court's involvement. The parties are directed to review the Northern District's Guidelines for Professional Conduct (available at: *https://cand.uscourts.gov/professional_conduct_guidelines*), which may prove helpful during the parties' further meet and confer efforts.

IT IS SO ORDERED.

Dated: March 13, 2018

KANDIS A. WESTMORE
United States Magistrate Judge