UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVOCENT HUNTSVILLE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZPE SYSTEMS, INC.,<br><br>Defendant. | Case No. 3:17-cv-04319-WHO (KAW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL INFRINGEMENT INTENTIONS PURSUANT TO PATENT L.R. 3-1**<br><br>Re: Dkt. No. 63 |

On February 12, 2018, Plaintiff Avocent Huntsville, LLC filed a motion for leave to serve supplemental infringement contentions pursuant to Patent L.R. 3-6. (Pl.'s Mot., Dkt. No. 63.)

On April 5, 2018, the Court held a hearing, and, for the reasons set forth below, DENIES Avocent's motion for leave to serve supplemental infringement contentions, because it lacks good cause at this juncture.

## I. BACKGROUND

On July 28, 2017, Plaintiff Avocent Huntsville LLC ("Avocent") brought this action against Defendant ZPE Systems, Inc. ("ZPE") alleging that ZPE's products, including the NodeGrid Serial Console, infringe two of Avocent's patents, U.S. Patent Nos. 7,853,682 ("the '682 Patent"), and 7,478,152 ("the '152 Patent"), both titled "System and Method for Consolidating, Securing and Automating Out-of-Band Access to Nodes in a Data Network." Avocent and ZPE both sell computer network management appliances.

Pursuant to Patent Local Rule 3-1, Avocent served its Infringement Contentions on November 22, 2017. On December 5, 2017, ZPE asserted that Avocent's charts failed to address the claimed network node claim limitation and demanded a meet and confer to discuss the alleged deficiencies in Avocent's infringement contentions. (Decl. of James Berquist, "Berquist Decl.,"

1  Dkt. No. 63-1 ¶ 6.) That meet and confer was conducted telephonically on December 8, 2017.

2  (Berquist Decl. ¶ 7.) Thereafter, on January 19, 2018, Avocent served supplemental infringement

3  contentions, but did not seek leave to court before doing so. (Pl.'s Mot. at 1.) ZPE brought this to

4  the district court's attention on January 24, 2018. (Berquist Decl. ¶ 11.)

5  On February 12, 2018, Avocent filed the instant motion for leave to serve supplemental

6  infringement contentions. (Pl.'s Mot., Dkt. No. 63.) On February 26, 2018, ZPE filed an

7  opposition. (Def.'s Opp'n, Dkt. No. 72.) On March 5, 2018, Avocent filed a reply. (Pl.'s Reply,

8  Dkt. No. 73.)

## II. LEGAL STANDARD

"The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed Cir. 2006). The patent local rules provide "for a streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in [their] absence" and are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *DCG Sys. v. Checkpoint Techs.*, *LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quotations and footnote omitted); *O2 Micro Int'l Ltd.* 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

Patent Local Rule 3-1 requires a party claiming patent infringement to serve on all parties a disclosure of asserted claims and infringement contentions. Pursuant to that local rule, the infringement contentions must contain (a) each claim of each patent that is allegedly infringed by each party, (b) all accused instrumentalities for each asserted claim, (c) a chart identifying specifically where each limitation of each asserted claim is located within each accused instrumentality, (d) a description of the acts of the alleged indirect infringer that induced the direct infringement by a third party, (e) whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality, (f) the priority date to which each asserted claim allegedly is entitled if applicable, (g) an identification of

2

each apparatus that practices the claimed invention if applicable, and (h) the basis for the party's allegation of willful infringement if applicable. Patent L.R. 3-1.

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (1) an adverse claim construction; (2) recent discovery of material prior art despite an earlier diligent search; and (3) recent discovery of nonpublic information about the accused product that, despite diligent efforts, was not discovered before service of the infringement contentions. *Id.*

### III. DISCUSSION

Plaintiff seeks to amend its infringement contentions, which it believes comported with Patent L.R. 3-1, because ZPE asserted they were insufficient based on differing claim construction language. (Pl.'s Mot. at 5-6.)

Defendant contends that Plaintiff has not demonstrated good cause, because it ignored ZPE's repeated requests for details regarding how the network nodes claim limitation was met. (Def.'s Opp'n at 7.)

The good cause analysis proceeds in two steps: "first, the court must determine whether the moving party was diligent in amending its contentions; second the court must determine whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at *3. "If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so." *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012) (footnotes omitted).

#### A. Diligence

"[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). "The burden is on the movant to establish

3

diligence rather than on the opposing party to establish lack of diligence." *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014). "In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Id.*

Plaintiff claims that it was diligent in providing the additional detail after the December 8, 2017 meet and confer, because it sent ZPE amended infringement contentions on January 19, 2018, rather than delaying disclosure until after leave could be granted. (Pl.'s Mot. at 7.) The Court notes, however, that Avocent did not seek leave of court for several weeks when, on February 12, 2018, it finally filed the instant motion.

Defendant argues that Plaintiff's proposed amendments constitute an attempt to address ZPE's non-infringement theory that a claim limitation has gone unaddressed. (Def.'s Opp'n at 6.) ZPE contends that courts in this district have routinely denied motions for leave to amend infringement contentions on the grounds that patentees may amend their infringement contentions to respond to non-infringement positions taken by an opposing party. *Id.* at 6-7. Defendant cites to *Verinata Health*, in which the Court concluded that the plaintiff's surprise by defendant's noninfringement theories was insufficient to meet the good cause burden. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1114–15 (N.D. Cal. 2017)("Illumina's proposed amendments are merely responsive to Ariosa's noninfringement contentions rather than raising theories based on previously unknown information."); *see also Finjan, Inc. v. Symantec Corp.*, 2017 WL 4025219, at *3 (N.D. Cal. Sept. 13, 2017). Had Illumina identified new nonpublic information that led to its proposed amendments, it may have shown good cause to amend its infringement contentions. *Verinata Health,* 236 F. Supp. 3d at 1115. This case is factually distinct because ZPE made no additional noninfringement disclosures in the two months between the service of the original and supplemental infringement contentions. (Pl.'s Reply at 6.)

Here, instead, Avocent claims that its original infringement contentions were sufficient, and that it is only seeking leave to amend to satisfy ZPE's criticisms of the original contentions. (Pl.'s Mot. at 7; Pl.'s Reply at 7.) Thus, the basis for discovering the asserted need for amendment was through the meet and confer efforts which alerted Avocent to the parties differing claim

4

construction definitions. (*See* Pl.'s Reply at 8-9.) Even in its reply, Avocent contends that it has not changed its infringement theory and "that the additional information supplemented Avocent's earlier disclosure" in an effort to counter ZPE's claim construction. (Pl.'s Reply at 9-10.) To the extent that Plaintiff is attempting to only add clarifying information regarding the accused products, such information may be provided in conjunction with the claim construction process. Thus, this is not a sufficient basis for amendment, particularly given that Avocent is essentially conceding that it had all of the pertinent information at the time it served its original infringement contentions. That ZPE was allegedly threatening to move to strike the original contentions is of no consequence, as no such motion was filed. (Pl.'s Mot. at 6; Pl.'s Reply at 11.) Thus, Plaintiff's reliance on *Monolithic Power Sys., Inc. v. Silergy Corp.,* 2015 WL 5440674, in which the infringement contentions were stricken, is misplaced. (Pl.'s Reply at 11.) While the undersigned has no doubt that Avocent supplemented its infringement contentions in good faith reliance on ZPE's representation that the failure to supplement would result in a motion to strike, that, unfortunately, does not give rise to good cause.

Since good cause does not exist, the undersigned need not address the second part of the diligence inquiry. Thus, the first prong of the good cause analysis set forth in Patent Local Rule 3-6 is not satisfied. This, however, does not necessarily prevent Avocent from seeking leave to amend its infringement contentions post-claim construction should the district court adopt ZPE's proposed construction. *See* Patent L.R. 3-6(a).

**B. Undue prejudice**

The second prong of the good cause analysis requires the court to consider "whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at *3. Since the first prong of the good cause analysis is not satisfied, the Court need address whether Defendant would be unduly prejudiced.

**C. Meeting and Conferring and Professional Conduct**

The undersigned is concerned that the parties have not sufficiently met and conferred in connection with this motion. While ZPE claims to be a small company with limited financial resources, it appears to have created unnecessary motion practice through its refusal to stipulate to

5

amending the infringement contentions despite having requested that they be supplemented and participating in the December 8, 2017 meet and confer.[1] At the hearing, Plaintiff's counsel stated that ZPE threatened a motion to strike, and that he believed that the supplemental contentions, which were costly to amend, resulted in that motion not being filed. Given the apparent tenor of the meet and confer, and that no motion to strike was filed, the Court finds Plaintiff's representation credible, and is concerned with the gamesmanship that seems to have occurred.

The parties are reminded of their obligation to meet and confer in good faith and stipulate whenever possible to avoid further unnecessary motion practice, which gives rise to an unnecessary expense to the parties and a waste of judicial resources. The parties are directed to review the Northern District's Guidelines for Professional Conduct, which should aid them in their future interactions. (Available at: *https://cand.uscourts.gov/professional_conduct_guidelines*).

## IV. CONCLUSION

For the reasons set forth above, the undersigned DENIES Plaintiff's motion for leave to serve supplemental infringement contentions.

IT IS SO ORDERED.

Dated: April 6, 2018

                                                        KANDIS A. WESTMORE
                                                        United States Magistrate Judge

---

[1] ZPE's local counsel Scott Kolassa, who attended the hearing, did not participate in the meet and confer efforts, which were conducted by lead attorney Robert Whitman. Mr. Kolassa represented that he attended the hearing, so his client would not incur the travel costs associated with Mr. Whitman's attendance. Mr. Whitman, however, could have appeared by telephone pursuant to the undersigned's "Procedures for Telephonic Appearances" (available at: *https://cand.uscourts.gov/kaworders*). Mr. Whitman's absence meant that the Court did not have the benefit of his interpretation of the meet and confer discussions, and must give more weight to Plaintiff's counsel's understanding of what transpired.